IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

LUCIA PAMPLONA, *individually and as the the Administrator of the Estate of Vincent Pamplona*, J.V.P., *a minor, by and through his Guardian ad Litem Richard Pamplona*, JOSE PAMPLONA, ANGELITA PAMPLONA, and ESTATE OF VINCENT PAMPLONA,

Plaintiffs,

vs.

BRYAN PINE, *individually and dba Pine Rental Service*, MARCUS GUERRERO, and PACIFIC INDEMNITY INSURANCE COMPANY,

Defendants.

CIVIL CASE NO. 09-00003

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**

LUCIA PAMPLONA, *individually and as the the Administrator of the Estate of Vincent Pamplona*, J.V.P., *a minor, by and through his Guardian ad Litem Richard Pamplona*, JOSE PAMPLONA, ANGELITA PAMPLONA, and ESTATE OF VINCENT PAMPLONA

Plaintiffs,

vs.

BRYAN PINE, *individually and dba Pine Rental Service*, MARCUS GUERRERO, PACIFIC INDEMNITY INSURANCE COMPANY, and DOES 1–100,

Defendants.

CIVIL CASE NO. 09-00006

NOIDA HERNANDEZ, *individually and as Successor in Interest to Decedent Romeo J. Hernandez*, RO.H., *a minor, by and through Guardian ad Litem, Raymunda Chilcutt, individually and as Successor in Interest to Decedent Romeo J. Hernandez*, RE.H., *a minor, by and through Guardian ad Litem, Raymunda Chilcutt, individually and as Successor in Interest to Decedent Romeo J. Hernandez,*

Plaintiffs,

vs.

BRYAN PINE, *individually and dba Pine Rental Service*, MARCUS GUERRERO, PACIFIC INDEMNITY INSURANCE COMPANY, and DOES 1–100, inclusive,

Defendants.

CIVIL CASE NO. 09-00007

---

NOIDA HERNANDEZ, *individually and as Successor in Interest to Decedent Romeo J.Hernandez*, RO.H., *a minor, by and through Guardian ad Litem, Raymunda Chilcutt, individually and as Successor in Interest to Decedent Romeo J. Hernandez*, RE.H., *a minor, by and through Guardian ad Litem, Raymunda Chilcutt, individually and as Successor in Interest to Decedent Romeo J. Hernandez,*

Plaintiffs,

vs.

BRYAN PINE, *individually and dba Pine Rental Service*, MARCUS GUERRERO, PACIFIC INDEMNITY INSURANCE COMPANY, and DOES 1–100, inclusive,

Defendants.

CIVIL CASE NO. 09-00008

---

This case is before the court on a Motion for Partial Summary Judgment on Defendants' Affirmative Defenses ("the Motion") filed by Plaintiff LUCIA PAMPLONA ("Plaintiff"). *See* Docket No. 74. After reviewing the parties' filings, as well as relevant case law and statutes,

//

//

the court hereby **DENIES** the Motion without prejudice and issues the following decision.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Decedent Vincent Pamplona ("Decedent") was a civil mariner employed by the Military Sea Lift Command and assigned to the United States Naval Ship San Jose ("USNS San Jose"). Docket No. 65 at 3, ¶ 17. In August 2006, the USNS San Jose was stationed at the Guam Shipyard in Santa Rita, Guam. *Id.* On August 31, 2006, Decedent was operating a Manlift—manufactured by JLG Industries and leased to the Navy by Pine Rental Services—when the Manlift tipped over, resulting in the deaths of Decedent and his coworker Romeo Hernandez. *See id.* at 3–4, ¶¶ 18–19; *see also* Docket No. 74 at 2.

The August 31 accident and resulting deaths prompted the survivors of Decedent and Romeo Hernandez to file four wrongful death and survivor's action lawsuits based on theories of negligence, strict products liability, and direct action against an insurer. Two of the cases were transferred from the Southern District of California to this court, and the other two were removed from the Superior Court of Guam to this court. The four cases were subsequently consolidated into the case now before the court.

## II. JURISDICTION AND VENUE

The Plaintiff's claims are properly before the court as they are under the court's diversity jurisdiction. *See* 28 U.S.C. § 1332, 48 U.S.C. § 1424(b). The District Court of Guam is the proper venue because all Defendants are residents of Guam and the accident underlying Plaintiff's claims occurred on Guam. *See* 28 U.S.C. § 1391.

## III. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56,[2] Plaintiff filed a Motion for Partial Summary

---

[1] The court finds that the Motion is appropriate for disposition without oral argument. Oral argument is not required by statute for this motion, and the parties have not requested oral argument as required under Local Civil Rule 7.1. *See* GUAM D. CT. CIV.L.R. 7.1.

[2] Subsequent to the filing of this instant motion, Federal Rule of Civil Procedure 56 was amended and such amendments were made effective on December 1, 2010. Rule 86 provides that the amendments to the Rules govern pending proceedings, unless the Supreme Court states otherwise or applying the amendments would be infeasible or unjust. *See* FED. R. CIV. P. 86. Given that the 2010 amendments to

Judgment on Defendants' Affirmative Defenses. Docket No. 74. Defendants asserted nine affirmative defenses in their Answer to the Second Amended Complaint—

(1) Plaintiffs' alleged injuries and damages were primarily caused by Decedent's own negligence, thus barring Plaintiffs' claims against Defendants;

(2) Plaintiffs' alleged injuries and damages were partially caused by Decedent's own negligence, thus any recovery by Plaintiffs must be reduced by the negligence attributable to Decedent;

(3) Plaintiffs' claims are barred by the doctrine of assumption of risk;

(4) Any judgment in favor of Plaintiffs must be reduced by amount of benefits Plaintiffs received or are entitled to received from other sources;

(5) Plaintiffs' alleged injuries and damages were caused or contributed to by the actions of third parties or other circumstances which constitute intervening or superseding causes;

(6) Plaintiffs' claims have been waived, released, settled, and/or are subject to an accord and satisfaction, or otherwise compromised; alternatively, compensation has been accepted in partial settlement of Plaintiffs' claims, thus requiring a setoff;

(7) Plaintiffs' alleged injuries and damages were caused by and resulted from the sole or partial negligence of third parties;

(8) Based on information and belief of answering Defendants, the Manlift was improperly used and the improper use proximately caused the accident and the Plaintiffs' alleged injuries and damages; and

(9) The Manlift has not been shown to have any alleged design or manufacturing defect.

Docket No. 66 at 6–7. In the Motion, Plaintiff requests that the court grant partial summary judgment as to Defendants' first through eighth affirmative defenses. Docket No. 74 at 2–3.

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact." FED. R. CIV. P. 56(a). The moving party has the initial burden of demonstrating that there is an "absence of a genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). This burden is satisfied by merely "pointing out to the district court—that there is an absence of evidence to support

---

Rule 56 did not change the standard for granting summary judgment, there is no apparent reason why applying the current version of Rule 56 would be infeasible or unjust. *See* FED. R. CIV. P 56 advisory committee's notes on the 2010 amendments. Thus, the court applies the current version of Rule 56 in its analysis.

the nonmoving party's case." *Id.* at 325.

Plaintiff alleges that there is "a total absence of evidence to support [Defendants'] affirmative defenses." Docket No. 74 at 1. To support her position, Plaintiff identifies interrogatory responses from Defendants that allegedly indicate that Defendants do not have evidence to support their first through eighth affirmative defenses. *See id.* Thus, Plaintiff has met her initial burden.

Once the moving party satisfies this initial burden, the nonmoving party must point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show there is a genuine issue of material fact. FED. R. CIV. P. 56(c). However, if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d).

In addition to stating specific reasons why a motion cannot be opposed, to obtain relief under Rule 56(d), the opposing party must demonstrate that: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (citing *California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)).

Defendants oppose the Motion and request that the court deny or continue the Motion pursuant to Rule 56(d). Docket No. 77. In determining whether relief under Rule 56(d) is warranted, the court is mindful that "[t]he primary purpose of Rule 56[(d)] is to ensure that parties have a reasonable opportunity to prepare their case and to ensure against a premature grant of summary judgment." *United States v. 414 Riverside Rd.*, No. 92-55842, 1994 WL 6603, at *5 (9th Cir. Jan. 10, 1994) (citing *Price v. Gen. Motors Corp.*, 931 F.2d 162, 164 (1st Cir.1991)); *see also Cal. Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1034 (9th Cir. 2008) ("In the Rule 56[(d)] context, we bear in mind that 'summary judgment should not be granted while [an] opposing party timely seeks discovery of potentially favorable information.'") (quoting *Clark v. Capital Credit &*

*Collection Servs., Inc.*, 460 F.3d 1162, 1178-79 (9th Cir. 2006)). The court finds that Defendants have satisfied the requirements for relief under Rule 56(d).

First, in Defense Counsel's Affidavit Pursuant to Rule 56[(d)] ("the Affidavit"), Counsel states that Defendants cannot "proffer evidence by affidavit or otherwise to justify opposition to Lucia Pamplona's Motion for Partial Summary Judgment . . . because they have not had adequate time to conduct discovery." Docket No. 77-1 at 2, ¶ 2. To support Defendants' position, Defense Counsel points out that both parties approved the discovery cut-off date of April 28, 2011, [3] as set forth in the Joint Scheduling Order. *See* Docket No. 62. Further, both parties agreed that the cut-off date was proper because it would be time consuming to discover the addresses of the witnesses, subpoena the witnesses, and coordinate dates for depositions of the witnesses given that many of the witnesses were either U.S. Navy personnel or civilian mariners. *See* Docket No. 63. Defense Counsel's assertion that there has been inadequate time for discovery is an acceptable justification for their inability to oppose the Motion. *See* 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2741 (3d ed. 1998) ("One of the most common reasons offered under Rule 56[(d)] for being unable to present specific facts in opposition to a summary-judgment motion is insufficient time or opportunity to engage in discovery.").

Second, in the Affidavit, Defense Counsel states specific facts that Defendants seek to elicit through further discovery—

> 4.The information currently available to the Defendants from the OSHA citation issued to the USNS San Jose, . . . [and] the Navy investigation, including the Voluntary Statement of Alan Aganon, a witness to the incident, . . . indicate that the deceased workers caused or contributed to their deaths by failing to hook their safety harness to the manlift (Pamplona), or by not wearing a safety harness (Hernandez). If these facts are confirmed through discovery, as Defendants believe they will be, such evidence will support Defendants' First Affirmative Defense (Plaintiffs' negligence was the primary cause of their injuries), Second Affirmative Defense (Plaintiff's [sic] negligence was the partial cause of their injuries), Seventh Affirmative Defense (Plaintiffs' injuries caused by parties other than the Defendants'), Eight [sic] Affirmative Defense (the manlift was improperly used), and Ninth Affirmative Defense (the Plaintiffs' have failed [sic] to show any design or manufacturing defect).

---

[3] Rule 56 permits a party to bring a motion for summary judgment "at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(b). Thus, the fact that discovery is still ongoing is not reason in and of itself to deny the Motion.

> 5. The information currently available to the Defendants from the Military Sealift Fleet Support Command's Safety Management Procedures Manual, a true and accurate excerpt of which is attached hereto as Exhibit C, indicates that the deceased workers were aware of the risks of using the manlift, had received instructions on the use dangers of using a manlift, and that the dangers were patent and obvious. If this information is confirmed through discovery, as Defendants believe it will be, this evidence will support the Defendants' Third Affirmative Defense (Assumption of Risk).
>
> 6. Defendants' [sic] believe that additional discovery shall establish that the manlift tipped over as the result of misuse by the deceased workers, including but not limited to resting the basket of the manlift on the deck of the USNS San Jose, in violation of safe operating procedures. If this information is confirmed through discovery, as Defendants believe it will be, this evidence will support the Defendants' affirmative defenses, including its Fifth Defense (accident caused by other circumstances).

Docket No. 74-1 at 2–3.

Third, Defense Counsel sufficiently demonstrates in the Affidavit that the specific facts exist by identifying specific witnesses and experts from whom Defendants seek to obtain the facts—

> a. Depositions of OSHA representatives Ken Nishiyama Atha, David Shiraishi, and Connie Hunt, regarding the citations issued to the Military Sealift Command for failure to test the manlift each day prior to use and allowing employees that were not trained to operate an aerial lift.
>
> b. Deposition of Rully Padios, Safety Manager, regarding the USNS San Jose's testing of the manlift while in their possession.
>
> c. Deposition of Alan Aganon, Guam Shipyard, who witnessed the incident at issue in this matter.
>
> d. Deposition of Jose Pamplona, Angelita Pamplona, J.V.P. and Lucia Pamplona, regarding amounts they may have received from any source relative to Decedent's death, as well as any waivers, releases, settlements or compensation they may have negotiated requiring a setoff in this matter.
>
> e. Deposition of Captain Shirley, USNS San Jose, regarding the extent of Decedent Pamplona's training in the use of the manlift, and the use of the manlift by another ship two days prior to the incident.
>
> f. Depositions of David Hurley, Boatswain of USNS San Jose; James Moree, First Officer of USNS San Jose; and Dan O'Brien, Master of the USNS San Jose.
>
> g. Deposition of JLG representatives, regarding the condition of the manlift and potential causes for the incident.
>
> h. Designation of Expert Witness regarding the cause of the incident.
>
> I. Inspection by Expert Witness of manlift, USNS San Jose, and scene of the incident.
>
> j. Preparation by Expert Witness of report on issue of causation.

*Id.* at 3–4.

Fourth, Defense Counsel states that the facts sought are essential to opposing the Motion because they would show whether Decedent's actions caused or contributed to the accident, whether another party caused or contributed to the accident, and whether Plaintiff has already been compensated for her loss or waived her right to bring her claims. *Id.* at 4.

Plaintiff argues that Defendants have not met the requirements under Rule 56(d). *See* Docket No. 78 at 5–10. The court is unpersuaded by Plaintiff's arguments. As discussed in the foregoing, the court finds that Defendants have adequately provided specific reasons why they cannot oppose the Motion at this time, identified specific facts they seek to discover, demonstrated that the facts sought exist, and stated why the facts sought are essential to opposing the Motion.

## IV. CONCLUSION

The court finds that Defendants have made a sufficient showing to benefit from the protection against the premature granting of summary judgment under Federal Rule of Civil Procedure 56(d). Accordingly, the court **DENIES** Plaintiff's Motion for Partial Summary Judgment on Defendants' Affirmative Defenses without prejudice to renew after the completion of discovery.

**IT IS SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
 **Dated: Mar 24, 2011**